UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA L. BRADSHAW, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE INSPECTOR GENERAL MI5, et al., <br><br> Defendants. | Case No. 25-cv-03983-SI <br><br> **ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

On May 7, 2025, self-represented plaintiff Rebecca Bradshaw filed this lawsuit against the "Office of the Inspector General for MI5, DNA Warfare and Research and Development Acquisition" ("MI5") and former President George H.W. Bush.[1] It appears from the complaint that Bradshaw filed the lawsuit on behalf of herself and her mother, Patricia Ralph. The complaint alleges that Bradshaw was tortured (or subjected to "counter torture") pursuant to an order issued by President George H.W. Bush when he was the Director of the Central Intelligence Agency, and that the torture/counter-torture was carried out remotely by the British intelligence agency MI5. The complaint alleges, among other things, that Bradshaw was subjected to "forced touchless enhanced interrogation of intelligence surveillance records," and that her and her mother's DNA "was copied unlawfully (and later confiscated) from large private libraries in Israel and Rome . . . ." Compl. at p. 5-6. Bradshaw alleges that the torture began when she was a minor in 1978 and "is a crime-in-progress, and present obstructions to investigative processes are originating via a joint British and U.S. order with the employment of criminal torture from at least five other states who have self-identified through assaults." *Id.* at 5. Although difficult to understand, the complaint appears to

---

[1] President George H.W. Bush died in 2018.

1    claim that President Bush was involved in child trafficking and employed "former Nazis as counter-
2    torture." *Id.* at 6. The forms of torture/counter-torture include but are not limited to "Hibernation
3    of neuro-regenerative cutaneous repair to increase injury and prevent repair"; "Use of deep sleep
4    states for unlawful operative blood removal and cosmetic procedures that can misrepresent
5    identity"; and "Use of Particle-level warfare to cloak pain and resistance during electrocution
6    assaults." *Id*. at 1. The complaint alleges claims under the United States Constitution and federal
7    and state criminal statutes.

8    The Court has the independent obligation to ensure that it has jurisdiction over this lawsuit.
9    *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A paid complaint that is
10   'obviously frivolous' does not confer subject matter jurisdiction and may be dismissed *sua sponte*
11   before service of process." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (quoting
12   *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)). "Claims that are essentially fictitious include those
13   that allege 'bizarre conspiracy theories, any fantastic government manipulations of their will or mind
14   [or] any sort of supernatural intervention.'" *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010)
15   (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (dismissing as frivolous and fictitious
16   claims that the President and government agents stalked the plaintiff, interfered with her job to
17   prevent her from attending confirmation hearings, illegally classified her as a national security risk,
18   and illegally surveilled her through a "Home guard surveillance network"); *see also Bivolarevic v.
19   U.S. C.I.A.*, Case No. 09-4260 SBA, 2010 WL 890147, at *2 (N.D. Cal. Mar. 8, 2010) (dismissing
20   as frivolous and fictitious claims that the CIA subjected the plaintiff to "voice to skull technology"
21   used as a "mind control weapon").

22   The Court has reviewed the complaint and concludes that it does not demonstrate a basis for
23   federal subject matter jurisdiction. Similar to the plaintiffs' claims in *Newby* and *Bivolarevic*, the
24   allegations of the complaint are fictitious and legally frivolous. Plaintiffs allege a decades-long
25   campaign of "remote torture" conducted by a foreign government and orchestrated by former
26   President George H.W. Bush when he was at the CIA. The allegations are "sufficiently fantastical
27   to defy reality as we know it[,]" and thus the Court need not take the allegations as true. *Ashcroft
28   v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J. dissenting). For the same reasons, the Court concludes

United States District Court
Northern District of California

that leave to amend would be futile. Accordingly, the Court DISMISSES this case for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: June 25, 2025

_____
SUSAN ILLSTON
United States District Judge